UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL L. LOGAN, | ) | No. ED CV 12-107-PJW |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

I.  INTRODUCTION

Plaintiff Michael Logan appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB").  He claims that the Administrative Law Judge ("ALJ") erred when she found that his allegations were not fully credible and when she determined that he could perform light work.  (Joint Stip. at 4-9, 13-17.)  For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings consistent with this decision.

## II. SUMMARY OF PROCEEDINGS

In January 2009, Plaintiff applied for DIB, alleging that he had been disabled since December 12, 2008, due to abdominal adhesions and an infection stemming from a recent surgery.[1] (Administrative Record ("AR") 102, 115.) The Agency denied the application initially and on reconsideration. (AR 45-50, 56-60.) He then requested and was granted a hearing before an ALJ. (AR 62-65.) On October 18, 2010, Plaintiff appeared with counsel and testified at the hearing. (AR 23-44.) On November 22, 2010, the ALJ issued a decision denying benefits. (AR 6-14.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-5.) This action followed.

## III. DISCUSSION

### A. The Credibility Determination

According to Plaintiff, he is essentially incapacitated, unable to sit or stand for more than five minutes at a time and precluded from lifting more than five pounds. Plaintiff claims that he takes Vicodin every day and that he spends most of the day in a reclined position to alleviate his pain. The ALJ rejected these allegations, finding that Plaintiff could perform light work. Plaintiff contends that the ALJ erred in doing so. (Joint Stip. at 13-17.) For the following reasons, the Court agrees.

ALJs are tasked with judging the credibility of witnesses. In making these credibility determinations, they may employ ordinary credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273,

---

[1] Abdominal adhesion are bands of tissue that form between abdominal tissues and organs, causing them to stick together. These adhesions can pull and twist organs out of place. http://digestive.niddk.nih.gov/ddiseases/pubs/intestinaladhesions/.

1284 (9th Cir. 1996).  Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons, *id.* at 1283-84, that are supported by substantial evidence in the record.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ found that Plaintiff's multiple hospitalizations and surgeries (for abdominal pain and bowel obstruction) were severe impairments that could reasonably be expected to cause his alleged symptoms.  (AR 11, 12.)  The ALJ found, however, that Plaintiff's allegations of disabling pain and incapacity were not credible because: (1) they were contained in written reports that were completed soon after Plaintiff was discharged from the hospital following surgery; and (2) the overall evidence did not support a finding of such severe functional limitations.  (AR 12.)

Neither of these reasons constitutes a valid excuse for rejecting Plaintiff's credibility.  As to the written reports, though it is true that Plaintiff completed them soon after he was released from the hospital following surgery and, therefore, his perception of his condition could have been overly influenced by the fact that he was recovering from surgery, Plaintiff testified to essentially the same ailments at the administrative hearing 18 months later.  (AR 34-36, 124-26.)  The ALJ never addressed that testimony, however.  As such, her finding that Plaintiff's allegations were questionable because they were made at the time he was recovering from surgery is rejected.

As to the ALJ's finding that Plaintiff's claims of debilitating pain were not supported by the overall evidence in the record, that

finding is not sufficiently specific to withstand appellate review. *See, e.g.*, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883-85 (9th Cir. 2006) (ALJ's conclusion that claimant's testimony "was 'not consistent with or supported by the overall medical evidence of record'" did not constitute a "meaningful explanation" for the court to assess); *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) (holding ALJ's finding that the "'totality of the evidence of record does not substantiate the claimant's allegations'" "does not achieve the level of specificity" required to disregard claimant's excess pain testimony). There is no way for the parties or the Court to determine which evidence the ALJ was referring to and why it undermined Plaintiff's testimony. As a result, there is no possibility of meaningful review and, therefore, this reason, too, is rejected. On remand, the ALJ should reconsider the credibility issue.

B. <u>The Medical Evidence</u>

Plaintiff complains in general that the ALJ erred in addressing the medical evidence and, more particularly, that she improperly assessed the doctors' opinions. He faults the ALJ for not accepting the opinion of his surgeon, Dr. Turner, who opined that he could not perform any work. (Joint Stip. at 8-9.) He also questions the ALJ's reliance on the medical expert, Dr. Sami Nafoosi. (Joint Stip. at 4-9.) For the reasons discussed below, the Court concludes that the ALJ erred in failing to address Dr. Turner's opinion and remands the case for further consideration of the doctors' opinions.

ALJs are responsible for assessing the medical evidence and determining which opinions to accept and which ones to reject. As a general rule, a treating doctor's opinion is entitled to deference. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Despite this rule,

an ALJ may reject a treating doctor's opinion for "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 632.

Dr. Turner performed three major surgeries on Plaintiff for small bowel obstructions and ventral hernias between September 2007 and January 2009. He observed that Plaintiff "does not have much abdominal wall or stomach muscles left." (AR 696.) In a brief, "To Whom it May Concern," note, Dr. Turner opined that Plaintiff was unable to perform "any type of regular working duties" because of severe abdominal pain. (AR 696.) The ALJ did not mention Dr. Turner by name or address this opinion in her decision. This was error. As the treating physician, Dr. Turner's opinion was entitled to deference, absent a valid reason to discount it. At the very least, the ALJ was required to address it and explain why she was not relying on it.

The Agency concedes that the ALJ failed to address Dr. Turner's opinion but argues, it seems, that any error in doing so was harmless because the opinion: (1) was written eight months after Plaintiff's insurance ran out; and (2) was contradicted by "at least four other physicians." (Joint Stip. at 12.) The Court does not find either of these arguments persuasive. To begin with, the fact that the opinion was written after the date last insured does not mean that it was not relevant to the question of disability. Two of the surgeries the doctor performed on Plaintiff occurred before the date last insured; the third, the following month. In addition, because Plaintiff's burden in this case was to establish that he became disabled before December 31, 2008, his date last insured, and that his impairment lasted or was expected to last for at least 12 months, the ending date

for purposes of the disability analysis was December 31, 2009. *See* 42 U.S.C. § 423(d)(1)(A). Dr. Turner's August 5, 2009 opinion was clearly relevant to that analysis. *See generally Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (noting general rule that "reports containing observations made after the period for disability are relevant to assess the claimant's disability."); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1033 n.3 (9th Cir. 2007) (noting medical reports made after the claimant's disability insurance lapsed were relevant and were properly considered by the ALJ and the Appeals Council under *Smith*).[2]

As to the Agency's argument that Dr. Turner's opinion was properly ignored because it was contradicted by at least four other doctors, that argument misses the point. All things being equal, where the doctors' opinions are in conflict, it is the treating doctor's opinion that is entitled to deference--even if it happens to be the minority view--unless there is a valid reason for questioning it.

In addition, the Court notes that the ALJ never suggested that she was rejecting Dr. Turner's opinion because it was contradicted by the other doctors' opinions. She simply, it appears, overlooked it. In this situation, the Agency may not champion justifications that the ALJ did not rely on in an effort to explain her decision. *See Bray v.*

---

[2] The Agency based its initial denial of Plaintiff's application on its expectation that he would regain the ability to return to work by December 2009. (AR 48, 686.) The January surgery and the August 2009 opinion are relevant to that inquiry. The Court also observes that Plaintiff's 2010 surgery is, arguably, relevant, too. It follows that the ALJ should not have curtailed the medical expert's testimony regarding that surgery on the basis that it was beyond Plaintiff's date last insured. (AR 38.)

*Astrue*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ--not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.")

Having concluded that the ALJ erred, the Court must now decide whether the error was harmless.  For the error to be harmless in this context, the Court would have to confidently conclude that, after fully crediting Dr. Turner's opinion that Plaintiff was unable to work, no reasonable ALJ could have found Plaintiff disabled.  *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006); *see also Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (explaining, under *Stout*, where ALJ provides no reason for rejecting evidence at issue, reviewing court must consider whether ALJ would have made different decision if he relied on the rejected evidence).  Obviously, that is not the case here and, therefore, remand on this issue is warranted.

Finally, Plaintiff complains that the ALJ erred in relying on medical expert Dr. Nafoosi, who opined, essentially, that Plaintiff was not precluded from working.  In a vacuum, the ALJ's reliance on the medical expert's opinion was proper because the opinion was consistent with the opinion of the examining doctor, Dr. To.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding opinion of non-examining medical expert constitutes substantial evidence "when it is consistent with other independent evidence in the record").[3]  However, in light of the fact that the Court is remanding

---

[3] Plaintiff points out that Dr. Nafoosi's opinion is inconsistent with the reviewing physician Dr. Naiman's opinion, i.e., that Plaintiff would be limited to only occasional climbing, stooping,

the case for the ALJ to reconsider the credibility issue and the treating doctor's opinion, it remands this issue as well.  On remand, the ALJ should take another look at the medical evidence, including the doctors' opinions, and decide which ones she finds to be the most persuasive.[4]

## IV. CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this opinion and order.[5]

IT IS SO ORDERED.

Dated: September 23, 2013

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\LOGAN, 107\Memo_Opinion.wpd

---

and kneeling.  (AR 684.)  The ALJ was entitled to rely on Dr. Nafoosi's and Dr. To's opinions over Dr. Naiman's, however, and evidently did so.  See Smolen, 80 F.3d at 1285-86 (noting nonexamining physician's opinion granted less weight than opinion of examining physician) (citation omitted).

[4] Plaintiff argues that the ALJ ignored the existence of his other impairments, including small bowel obstruction, sleep apnea, hernias, depression, and acute respiratory failure.  (Joint Stip. at 7-8.)  This argument is rejected.  Plaintiff never claimed that these impairments prevented him from working and has not pointed to any medical records showing that they had any impact on his ability to perform basic work activities.  In fact, the only mention of most of them is in a December 24, 2008 discharge summary diagnosis.  (AR 387-88.)  Further, even assuming that he did suffer from them, the mere existence of an impairment is not proof of disability.  Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993).

[5] The Court has considered Plaintiff's request that the case be remanded for an award of benefits and denies that request because it is not clear from the record that Plaintiff is disabled and/or entitled to benefits.